83,533-01

June 23, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 01 2015
Abel Acosta, Clerk

Attention Court Clerk:

I presently have a case pending in the 339th District Court of Harris County, Texas under Article 11.07 Habeas Corpus Writ no. 1274840-A. Prior to this letter of request, your court received a letter from me and replied on Dec. 30, 2014 regarding my request to know if, the trial court transmitted any documents material to this cause to your court in which you specified that no documents have been transmitted. The district clerk of Harris County is acting in bad faith by failing to comply with, Texas Rules of Appellate Procedure Rule 73.4(b)(1) that states: If the convicting court enters an order designating issues, the clerk shall immediately transmit a copy of that order and proof of the date the district attorney received the habeas application. I filed a Writ of Mandamus with the trial court served on June 9, 2015 with no reply of action on their behalf as this writ of Mandamus is my final remedy at law for the transmission of any and all documents material to this cause. As well, the trial court or convicting court has

failed to comply with, Texas Rules of Appellate Procedure Rule.73.5, by failing to resolve the issues raised in the Writ of habeas corpus application within the (180 day) time frame from the date of receipt of the application by the State and by failing to file a motion for extension of time before the 180 day period in the Court of Criminal Appeals.

I'm requesting that this matter be brought to the attention of your court. I request a reply back on whether or not my court. ~~convicting~~ has transmitted any documents to your court since your response of Dec.30, 2014. If not, I request at the mercy of your court and authority that a Mandate be issued to the convicting court of Harris County, Texas for writ no. 1274840-A for the transmission of the habeas record. I request that these documents presented to you be filed in your court and returned upon request. Please file and return as requested.

Sincerely,

Anthony Thomas



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

July 3, 2014

THOMAS, ANTHONY DEMARCO
#01724123 - BETO UNIT
1391 FM 3328
TENNESSEE COLONY, TX 75880

RE: CAUSE #1274840-A
339th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 6-10-14. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3(c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

**CAUSE NO.**     **PETITION FOR WRIT OF HABEAS CORPUS**     **DISPOSITION**

**All** future correspondence should indicate the above listed cause number.

Sincerely,

Brenda McNeil, Deputy
Criminal Post Trial

CC: District Attorney
       Judge, Presiding Court

Cause No. 1274840-A

EX PARTE § IN THE 339th DISTRICT COURT

§ OF

ANTHONY DEMARCO THOMAS, § HARRIS COUNTY, TEXAS
   Applicant

## STATE'S MOTION REQUESTING DESIGNATION OF ISSUES

The State of Texas, by and through its Assistant District Attorney for Harris

County, requests that this Court, pursuant to TEX. CODE CRIM. PROC. art. 11.07,

§3(d), designate that the following issues need to be resolved in the instant

proceeding: (1) whether the applicant received ineffective assistance of counsel,

(2) whether the trial court committed error, (3) whether the applicant's identification

was based on suggestive procedures, and (4) whether the prosecution made an

improper comment in the primary case.

F I L E D
Chris Daniel
District Clerk

JUL 1 5 2014

Time:_____
                              Harris County, Texas
By_____
                              Deputy

1

Service has been accomplished by mailing a true and correct copy of the State's Motion Requesting Designation of Issues and Proposed Order Designating Issues in cause number 1274840-A to:

Anthony Demarco Thomas
#01724123 – Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

SIGNED this 15th day of July, 2014.

Respectfully submitted,

BALDWIN CHIN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #00783823

Prepared by:
Emily Patton – Intern

Cause No. 1274840-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 339th DISTRICT COURT |
| | § | OF |
| ANTHONY DEMARCO THOMAS,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S PROPOSED ORDER DESIGNATING ISSUES

Having reviewed the applicant's petition for writ of habeas corpus, the Court finds that the following issues need to be resolved in the instant proceeding:

(1) Whether the applicant received ineffective assistance of counsel in the primary case;

(2) Whether the trial court committed error in the primary case;

(3) Whether the applicant's identification was based on suggestive procedures in the primary case; and

(4) Whether the prosecution made an improper comment in the primary case.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issues and then enter findings of fact.

FILED
Chris Daniel
District Clerk

JUL 1 5 2014

Time:_____
Harris County, Texas
By_____
Deputy

1

The Clerk of the Court is **ORDERED <u>NOT</u>** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further order by this Court.

**By the following signature, the Court adopts the State's Proposed Order Designating Issues in Cause No. 1274840-A.**

SIGNED on the _____ day of _____ JUL 1 7 2014 _____, 2014.

_____
PRESIDING JUDGE, 339th DISTRICT COURT
HARRIS COUNTY, TEXAS

2



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

7-18-14

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____Deputy



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

October 8, 2014

ANTHONY DEMARCO THOMAS
#1724123 BETO UNIT
1391 FM 3328
TENNESSEE COLONY, TEXAS 75880

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1274840-A in the 339th District Court.

☐ State's Original Answer Filed ,

☒ Affidavit October 8, 2014

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order ,

☐ Other

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

lah

Enclosure(s) – AFFIDAVIT OF SAM A. MAIDA

Chris Daniel
District Clerk

OCT 08 2014

Time: 9:14

Harris County, Texas

By_____
Deputy

NO. 1274840-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 339TH DISTRICT COURT |
| | § | OF |
| ANTHONY DEMARCO THOMAS, Applicant | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SAM A. MAIDA

BEFORE ME, the undersigned authority, on this day, personally appeared SAM A. MAIDA, who being duly sworn upon his oath did depose and state:

"My name is Sam A. Maida. I am over eighteen years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated. I am an attorney licensed by the State of Texas since 1970.

I was court appointed to represent ANTHONY DEMARCO THOMAS on the charge of AGGRAVATED ROBBERY in cause number 1274840 in the 339th District Court. This affidavit is intended to respond to the Court's order addressing habeas claims of ineffective assistance of counsel.

1. I did not discover any information that led me to believe that the identification procedure employed by law enforcement officers was impermissibly suggestive.

2. I did not believe that it was necessary or beneficial to file a suppression motion and secure an evidentiary hearing in an attempt to suppress the pre-trial and/or in court identification since I could not find any grounds to make such an objection.

3. I did not become aware of any exculpatory information. There was a substantial discrepancy in the description the complaining witness gave to the police officer that is noted in the police offense report in that the witness told the officer that the suspects hair was gray or partially gray. She also described the suspect as being 5'10" to 6'00" and 150 to 170 pounds. The police offense report shows the Defendant to be 6'1" and 200 pounds.

4. The complainant testified in court that she is 4'7" tall. She testified that the suspect was just a little taller than her. I did not feel that it would have been beneficial to point out the description given in the police offense report because that description given at or near the time this offense would have been closer to the description of this

1

Defendant than her description in court of him. However, I attempted to impeach the complaining witness's identification of the Defendant based on her testimony that the assailant was just a little taller than 4'7".

5.     I did not feel it was beneficial or necessary to urge Defendant's pro se motions to dismiss or set aside indictment because I did not feel that said motion had sufficient grounds for the Judge to grant said motion. I did not find any defects in the indictment.

6.     Since the State has the burden to prove the Defendant's guilt beyond a reasonable doubt I did not want to subpoena or attempt to introduce any evidence that would have bolstered the State's case. I objected every time the District Attorney referred to those bank records in an attempt to raise reasonable doubt as to whether this Defendant or anyone else used those credit cards that the complaining witness testified were used.

7.     No bank records were offered or admitted into evidence. I did not want to subpoena the bank records because I did not want to help the State's case against my client. Since I did not subpoena the bank records, there would be no need for a business records affidavit.

The above affidavit is true and correct to the best of my knowledge.

Respectfully submitted this _7th_ day of _October_, 2014.

_____
SAM A. MAIDA

SWORN TO AND SUBSCRIBED before me on this ___7___ day of October, 2014.

_____
Notary Public
State of Texas

VICTOR H SALCEDO
My Commission Expires
February 12, 2018

2

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

OCT 0 8 2014

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy